UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADVANCED MULTI PRODUCT GROUP
ADVANCED TECHNOLOGIES
COPORATION,

                                                           CIVIL CASE NO. 05-40257
                          Plaintiff,

v.                                                      HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT

SUMITOMO CORPORATION OF AMERICA,

                          Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

     Before the Court is Defendant's motion for partial dismissal. The motion was filed on August 29, 2005. The proof of service for Defendant's motion indicates that it was served on Plaintiff on August 29, 2005, via the Court's electronic filing system. Plaintiff has not filed a response opposing the motion. Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." *See* E.D. Mich. L.R. 7.1(b) (emphasis added). Local Rule 7.1(d)(2)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. L.R. 7.1(d)(1)(B). Accordingly, the response to this motion was due on approximately September 19, 2005, and since no response has been filed, the motion is unopposed.

     The Court has reviewed Defendant's motion, along with the accompanying exhibits and brief. For the reasons in Defendant's brief, the Court will grant the motion. Specifically, the Court concludes that 1) there is no dispute that a contract exists between the parties, only the terms, scope

or effect are in dispute; 2) New York law governs the dispute, *see* Def. Br., Ex. 2, ¶11; 3) the existence of the contract precludes Plaintiff from bringing a claim for unjust enrichment, *see MacDraw, Inc. v. CIT Group Equip. Fin.*, 157 F.3d 956, 964 (2d Cir. 1998); 4) the existence of the contract precludes Plaintiff from bringing a claim for promissory estoppel and detrimental reliance, *see Foxley v. Sotheby's Inc.*, 893 F. Supp. 1224, 1234 (S.D.N.Y. 1995); and 5) because Defendant admits the existence of the contract, Plaintiff is precluded from pleading alternative facts to the contrary, *see Convergent Group Corp. v. County of Kent*, 266 F. Supp. 2d 647, 661 (W.D. Mich. 2003).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for partial dismissal [docket entry 5] is **GRANTED**, and Counts II and III of Plaintiff's complaint are **DISMISSED** with prejudice.

**SO ORDERED.**

Dated:   October 25, 2005                              s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 25, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Eric A. Buikema; Kevin A. Fanning; Mahesh K. Nayak                             , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                          .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845